UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY A. HOLLIS, SHARON R. )
HOLLIS, EDMUND J. MANSOR, and )
ROBERTA M. MANSOR, )
)
      Plaintiffs, )
  v. ) CIVIL ACTION
) NO. 12-10544-JGD
JPMORGAN CHASE BANK, N.A., )
)
      Defendant. )

# SCHEDULING ORDER AND
# ORDER ON PLAINTIFFS' MOTIONS

This matter is before the court on (1) the "Plaintiffs' Motion to Quash Subpoenas to Produce Documents Pursuant to Fed. R. Civ. P. Rule 45 Issued by Defendant to Richard Roper, Esq. and Brian Berson, Esq." (Docket No. 290); and (2) the "Sealed Motion of Plaintiffs to Compel Production of Documents Requested in Their Third Request for Production of Documents" (Docket No. 295). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

    1.    The plaintiffs are seeking to quash the subpoenas served on Attorneys Roper and Berson on the grounds that the documents sought by the subpoenas are irrelevant to the matters at issue in this litigation. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." U.S. Bank Nat'l Ass'n v. James, 264 F.R.D. 17, 18 (D. Me. 2010) (quoting Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)).

However, parties do have standing to challenge third party subpoenas, "to the extent they . . . seek irrelevant information[,]" by way of a motion for a protective order under Fed. R. Civ. P. 26(c). <u>Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.</u>, 297 F.R.D. 19, 21 (D.P.R. 2014). <u>See</u> also <u>Washington v. Thurgood Marshall Acad.</u>, 230 F.R.D. 18, 22 (D.D.C. 2005) (construing defendant's motions to quash third-party subpoenas as, in the alternative, motions for a protective order, and evaluating "whether the information sought is relevant to any claims or defenses in this case"). Construing the plaintiffs' motion in the instant case as one for a protective order pursuant to Rule 26(c), the motion is ALLOWED IN PART and DENIED IN PART as follows:

> a. The subpoenas to Attorneys Roper and Berson seek information that is not relevant to the claims and defenses at issue in this litigation. Therefore, the plaintiffs' motion for a protective order is allowed with respect to the subpoenas in their present form.
>
> b. The defendant may redraft the subpoenas so that they seek information regarding facts that are relevant to parties' claims and defenses rather than information regarding the dissemination of documents relating to the parties' earlier dispute over the applicability of the Bank Secrecy Act privilege.
>
> c. JPMorgan shall confer and attempt to reach agreement with the plaintiff as to the scope of any revised subpoenas. In addition, JPMorgan shall submit any such subpoenas to the court so that it can review their contents prior to service upon Attorneys Roper and/or Berson.

2. The plaintiffs' motion to compel the production of documents is ALLOWED IN PART and DENIED IN PART as follows:

> a. To the extent JPMorgan has already produced documents that

are responsive to the plaintiffs' Third Requests for Production of Documents, it shall identify those documents by Bates number if possible.

b. By **September 15, 2014**, JPMorgan shall provide the plaintiffs with a schedule for the production of any additional documents.

c. The parties shall work together and attempt to resolve any remaining disputes regarding JPMorgan's responses to the plaintiffs' document requests. If the parties are unable to resolve all of their differences, the plaintiffs shall identify, by **September 23, 2014**, which aspects of its motion to compel remain open.

3. A status conference will take place on **October 22, 2014 at 10:00 a.m.** in Courtroom #15 on the 5th floor. At that time, the parties shall be prepared to discuss:

(i) that status of the case;
(ii) scheduling for the remainder of the case through trial; and
(iii) the use of alternative dispute resolution ("ADR") programs.

4. The parties shall submit a brief joint statement no later than five (5) business days before the conference addressing the issues itemized in paragraph 3 above and the matters listed in Fed. R. Civ. P. 26(f)(3). With respect to the use of ADR, the parties shall indicate whether an agreement has been reached, but shall not disclose their respective positions.

/ s / Judith Gail Dein
Judith Gail Dein
Dated: September 10, 2014　　　　　　　　　United States Magistrate Judge

3