UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| EDMUND J. MANSOR and | ) | |
| ROBERTA M. MANSOR, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | NO. 12-10544-JGD |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |


## MEMORANDUM OF DECISION AND ORDER ON JPMORGAN CHASE BANK, N.A.'S MOTION TO DISQUALIFY KEITH L. MILLER AS COUNSEL FOR PLAINTIFFS AND TO SEQUESTER KEITH L. MILLER FROM DEPOSITIONS

September 19, 2017

DEIN, U.S.M.J.

### I. INTRODUCTION

This matter is before the court on "JPMorgan Chase Bank, N.A.'s Motion To Disqualify

Keith L. Miller As Counsel For Plaintiffs And To Sequester Keith L. Miller From Depositions."

(Docket No. 458).  By this motion, defendant JPMorgan Chase Bank, N.A. ("Chase") seeks to

disqualify plaintiffs' counsel, Keith L. Miller, as counsel in this matter and seeks to prevent

Attorney Miller from attending any further depositions, reviewing any deposition transcripts, or

discussing any deposition testimony in this matter, except with respect to his own deposition.

This court issued a preliminary ruling following the argument of this motion held on July 26,

2017.  Therein, the court confirmed Attorney Miller's agreement not to serve as trial counsel or

to take or defend any further depositions, and allowed Attorney Miller to continue as counsel in

connection with the pending pre-trial matters.  (See Docket No. 481).  This Memorandum and

Order explains and expands this court's ruling.  For the reasons detailed herein, the defendant's Motion is DENIED subject to the restrictions contained herein.

## II.  BACKGROUND

Attorney Miller has been involved in this security fraud matter since 2009 and has litigated this case on behalf of plaintiffs since filing suit in 2012.  Co-counsel for plaintiffs entered an appearance in this matter in November 2016.  Attorney Miller has voluntarily agreed not to serve as counsel during trial or to conduct the examination of witnesses during depositions.  However, plaintiffs have informed Chase that Attorney Miller will likely be a fact witness in this case and proffered that he would testify as to details of his conversations with several fact witnesses and the alleged perpetrators of the fraud, in particular William Wise, Jacqueline Hoegel and Kristi Hoegel.  Plaintiffs, through co-counsel, assert that Attorney Miller's testimony is critical to both the preparation of their case and as a witness at trial.[1]  In turn, Chase argues that if Attorney Miller is to be a critical fact witness, he must be disqualified from all pretrial activities as well as from his role as trial counsel.

## III.  ANALYSIS

### Standard of Review

"[A]ttorneys practicing in [Massachusetts] are bound by the ethical requirements embodied in the Massachusetts Rules of Professional Conduct, as incorporated in Rule 3.07 of the Rules of the Supreme Judicial Court of Massachusetts."  Cal. Ass'n of Realtors, Inc. v. PDFfiller, Inc., No. 16-11021-IT, 2017 WL 975945, at *2 (D. Mass. Mar. 13, 2017).  Those Rules,

---

[1] Nothing herein shall be considered to be a ruling on the admissibility of any testimony Attorney Miller may proffer at trial.

with limited exceptions, prohibit attorneys from acting as advocates and witnesses in the same trial, and give guidance regarding the limited circumstances that require complete attorney disqualification.  <u>See</u> Mass. R. Prof. Conduct 1.7, 3.7.  Here, the parties have agreed that plaintiffs' counsel will not be representing the plaintiffs at trial.  Therefore, the remaining issue is whether plaintiffs' counsel must also be disqualified from all pre-trial proceedings.

In motions to disqualify counsel, "the burden [] rests on the party seeking disqualification to establish the need to interfere with the relationship."  <u>Steinert v. Steinert</u>, 73 Mass. App. Ct. 287, 288, 897 N.E.2d 603, 605 (2008).  The court "should not lightly interrupt the relationship between a lawyer and a client."  <u>Slade v. Ormsby</u>, 69 Mass. App. Ct. 542, 545, 872 N.E.2d 223, 226 (2007) (quoting <u>G.D. Mathews & Sons Corp. v. MSN Corp.</u>, 54 Mass. App. Ct. 18, 20, 763 N.E.2d 93 (2002)).  "Where the need for an attorney to testify on behalf of his client arises, judges should defer to 'the best judgment of counsel and his client,'" and "must guard against the Canons of Ethics being brandished for tactical advantage[.]"  <u>Smaland Beach Ass'n, Inc. v. Genova</u>, 461 Mass. 214, 221, 959 N.E.2d 955, 963 (2012) (internal citations and punctuation omitted).

Rule 3.7(a) of the Massachusetts Rules of Professional Conduct provides that a "lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness . . . ."  Mass. R. Prof. Conduct 3.7.  The rule's primary purpose is to prevent jury confusion from the combination of attorney and witness roles.  <u>Steinert</u>, 73 Mass. App. Ct. at 291, 897 N.E.2d at 606.  <u>See</u> <u>also</u> Mass. R. Prof. Conduct 3.7 cmt. 2 ("A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as

proof or as an analysis of the proof").  Further, while Rule 3.7(a) disqualifies counsel from serving as an advocate at trial, "[a]ny disqualification that might extend to pretrial activities must derive from a different source."  Smaland, 461 Mass. at 226-27, 959 N.E.2d at 967.  In the instant case, Chase points to Mass R. Prof. Conduct 1.7 to support its contention that Attorney Miller should be totally disqualified from serving as plaintiff's counsel in this litigation.

### Plaintiffs Counsel's Pretrial Involvement

The defendant contends that, pursuant to Rule 1.7, the presence of the alleged conflict of interests between the plaintiffs and Attorney Miller requires complete disqualification of Attorney Miller from the case. Rule 1.7 provides that:

> [A] lawyer shall not represent a client if the representation involves a concur-rent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> >
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Mass. R. Prof. Conduct 1.7.  In the instant case, Chase is seeking to disqualify Attorney Miller on the basis that "there is a significant risk that the representation of [the plaintiffs] will be materially limited . . . by a personal interest of the lawyer."  Id. at 1.7(a)(2).  Chase has proffered two theories in regard to Rule 1.7: (1) "[Attorney Miller] has a contingent fee arrangement with Plaintiffs, and therefore has a significant financial interest in the outcome of the litigation" (Def. Mem. (Docket No. 459) at 8); and (2) there is a conflict because Attorney Miller purportedly will have to choose between "creating a record suggesting that he suborned perjury or failed to

satisfy his Rule 11 obligations" or "admit that the witnesses themselves did not tell him the truth." (Def. Reply Mem. (Docket No. 475) at 4).

In support of its first theory, Chase contends that "[Attorney Miller's] own financial interest may affect his testimony or the strategy that he pursues in the litigation[,]" which, as a result, creates a "conflict [that] cannot be waived." (Def. Mem. at 8). This argument is unpersuasive. The defendant has failed to proffer any evidence to support a finding that there is a conflict between the plaintiffs' interests and Attorney Miller's interests (caused somehow presumably by the fact that both want to prevail in the litigation). Nor has Chase cited any precedent to support its assertion that an attorney with a contingency fee arrangement cannot serve as witness or as pretrial counsel. Counsel's contingent fee arrangement does not warrant his disqualification.

Chase has attempted to buttress its argument by claiming that Attorney Miller is in violation of Mass. R. Prof. Conduct 3.4(g). That Rule provides, in relevant part, that "a lawyer shall not . . . pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of his or her testimony or the outcome of the case." Thus, Chase argues that Attorney Miller is violating this Rule because he "wants to serve as an attorney, and collect a contingent fee while also serving as a witness." (Def. Reply Mem. at 3) (emphasis omitted)). Chase has pointed to no support for this contorted reading of Rule 3.4(g).

By its terms, Rule 3.4(g) is not applicable here. As an initial matter, while Attorney Miller may be compensated based on the outcome of the case, paragraph (g) refers to "compensation of a witness" and Attorney Miller's contingent fee arrangement is dependent on his role as counsel. See Mass. R. Prof. Conduct 3.4(g) cmt. 5. More importantly, this Rule

prohibits linking a witness' right to payment to the content of his testimony or the outcome of the trial. There is no evidence in the record that Attorney Miller will only be entitled to a contingent fee if he gives specific testimony. Moreover, while defense counsel may challenge the credibility of Attorney Miller's testimony if and when he takes the stand, this court has no reason to believe that Attorney Miller is prepared to lie on the stand in order to safeguard his contingent fee.

This court also is not persuaded by the defendant's second theory as to why defense counsel must be disqualified under Rule 1.7. Chase argues that due to Attorney Miller's ethical obligations, he will have to choose between "self-preservation and the need to serve his client's interests." (Def Reply Mem. at 4). The defendant suggests that the possibility of Rule 11 violations and alleged unethical behavior by Attorney Miller is a sufficient basis to find his interests in conflict with the plaintiffs'. (Id.). This argument is based on the defendant's interpretation of the evidence and the fact that defense counsel perceives discrepancies between the witnesses' testimony and what they allegedly told Attorney Miller. It also is based on defense counsel's assumption as to which testimony is true. However, the credibility of the witnesses will be decided by the jury. Chase has not established that Attorney Miller's "personal interest" in either the litigation or the facts of the case create a conflict requiring his disqualification under Rule 1.7.

### Defendant's Motion to Sequester Attorney Miller

The defendant argues that Attorney Miller should be precluded from attending other depositions or reviewing the transcripts of other witnesses. This request is without merit. The 1993 advisory committee notes to Fed. R. Civ. P. 30(c) provide that "other witnesses are not

automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under [Rule 26(c)(1)(E)] when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions." Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986). In the instant case, Attorney Miller has voluntarily agreed not to question witnesses or otherwise speak on the record at any further depositions in this case. With respect to the defendant's concern that Attorney Miller may "color his own testimony" based on what he learns from others, Attorney Miller has already been deposed. (See Def. Mem. at 12). To the extent that there is concern about his trial testimony, that is a risk that exists with respect to all witnesses who are prepared for their trial testimony. Chase has failed to establish that good cause exists to prevent Attorney Miller from participating in pre-trial discovery in this case.

### Client Consent

This court recognizes, however, that the instant case raises a fairly rare circumstance where a plaintiff's attorney becomes a necessary witness due to his involvement in pre-trial investigation. Even though "an attorney considered to be a necessary witness may participate in pretrial proceedings," nevertheless "it would be particularly prudent first to secure client consent after consultation." Smaland, 461 Mass. at 226, 959 N.E.2d at 966-67. Plaintiffs' new counsel represented to this court that he had no objection to obtaining named plaintiffs'

consent to Attorney Miller continuing as pre-trial counsel, serving as a witness at trial and, consequently, removing himself as trial counsel. Accordingly, plaintiffs' counsel shall obtain client consent pursuant to the criteria set forth below.

## ORDER

For all the reason detailed here, the defendant's "Motion to Disqualify Keith L. Miller as Counsel for Plaintiffs and to Sequester Keith L. Miller From Depositions" (Docket No. 458) is DENIED subject to the following requirements:

1.      By agreement of the parties at a hearing before this court on July 26, 2017, Attorney Miller will not serve as trial counsel in this matter and will not speak on the record at any further deposition in this matter.

2.      Attorney Miller is not prohibited from reviewing deposition transcripts taken in this matter.

3.      Attorney Miller is otherwise not disqualified from proceeding as counsel in this matter.

4.      Plaintiffs' counsel shall obtain consent from the named plaintiffs for Attorney Miller to continue to serve as pretrial counsel, testify as a witness if deemed appropriate at trial, and relinquish his role as trial counsel, and shall notify the court that such consent has been received. In obtaining such consent, counsel shall provide the clients with sufficient information for them to make an informed decision.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge