UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND J. MANSOR and ROBERTA M. MANSOR,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Action No. 1:12-cv-10544-JGD |

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

On June 22, 2018 this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement between Plaintiffs Edmund J. Mansor and Roberta M. Mansor, individually and on behalf of themselves and all members of the Settlement Class, and Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") (DE 528).

On November 13, 2018, this Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees in regard to those matters released as set forth in Section VIII of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications and Receiver fees. There were no objections to the parties' request for final approval of the Settlement Agreement, and only one class member opted out.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Court finds that Class Notice was given in the manner ordered by the Court in order to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; constituted the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, and; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the

Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f); a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of all persons who purchased or otherwise acquired Millennium CDs or whose funds remained in the Millennium accounts at Chase from September 25, 2008 through March 9, 2009, which includes persons whose CDs purportedly rolled over or whose funds were deposited in or remained in the Millennium accounts at Chase. Excluded from this class are all persons who validly opt out of the settlement in a timely manner;[1] counsel of record (and their respective law firms) for the Parties; Defendant and its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $1,618,750.00 payable pursuant to the terms of the Settlement Agreement. The Court also awards a case contribution award in the amount of $25,000.00 to Plaintiffs Edmund J. Mansor and Roberta M. Mansor, and a Receiver Fee of $30,000.00 to the Receiver pursuant to Section II.D of the Settlement Agreement for his contributions as Settlement Administrator.

6. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other

---

[1] All "opt outs" are attached as Composite Exhibit 1.

Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7. The Releases, which are set forth in Section VIII of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims.

8. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10. This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**IT IS SO ORDERED.**

_Judith Gail Dein_
Hon. Judith G. Dein
United States Magistrate Judge

Dated: 11/13/18 , 2018